# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Petitioner,

vs.                                                  No. 1:19-CV-00450-JB-KRS

FNU HORTON, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

      Respondents.

## ORDER

THIS MATTER is before the Court on the Motion for a Time Extension to File a Response to Respondents['] Answer (Doc. 14) and Motion for Respondents to Provide All Cited Authority (Doc. 15), both filed on October 22, 2020 by Petitioner Bryce Franklin, a prisoner acting *pro se*. For the reasons explained below, the Court DENIES Franklin's Motion for Respondents to Provide All Cited Authority and GRANTS Franklin's Motion for a Time Extension.

## I. MOTION TO PROVIDE CITED AUTHORITY

Franklin filed his petition for a writ of habeas corpus on May 13, 2019. (Doc. 1). At the Court's direction, Respondents filed their answer to the petition on September 23, 2020. (Doc. 13). Almost one month later, Franklin filed the instant motion asking the Court to compel Respondents to provide copies of all legal authorities cited in their answer. As grounds, Franklin states that the facility in which he is presently housed does not provide prisoners with access to any online legal research databases except for one, which in turn only allows access to four decisions. (*See* Doc. 15). The crux of Franklin's argument is that this restrictive scheme violates his constitutional right of access to the courts. (*See id.* at 3-4).

Respondents filed a Response in Partial Opposition to Petitioner's Motion on November 5, 2020, stating that they had provided Franklin with copies of unpublished authorities cited in their answer but otherwise asking that the Court deny Franklin's motion. (Doc. 17). Respondents note that Franklin had filed a similar motion in another case pending in this District and that they had responded in similar fashion in that action. (*See id.* at 1 & n.1). Franklin abstained from filing a reply brief. (*See* Doc. 19) (notice of briefing complete).

The Court takes judicial notice of the filings in *Franklin v. Santistevan*, No. 18-cv-01156 JB/JHR, in particular Franklin's "Motion for Respondents to Provide All Cited Authority" ECF No. 17 (D.N.M. Sept. 10, 2020); Respondents' response brief thereto, ECF No. 18 (D.N.M. Sept. 23, 2020); and Franklin's reply brief, ECF No. 20 (Oct. 22, 2020). In that action, as here, Franklin's petition for a writ of habeas corpus alleges various due process violations stemming from prison disciplinary action. (*Compare* Doc. 1) (prison discipline for "tattooing and/or possession of tattoo paraphernalia"), *with* Petition, *Franklin*, No. 18-cv-01156 JB/JHR (D.N.M. Dec. 3, 2018), ECF No. 1 (prison discipline for "possession of escape paraphernalia").[1] In that parallel action, the Honorable Jerry H. Ritter, United States Magistrate Judge, recently relied in substantial part on *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995), in concluding that Franklin's motion concerning the provision of legal authorities should be denied:

> The 10th Circuit reasons, in *Carper*, that jails don't have to provide assistance beyond initial pleading in part because once a petitioner gains access to the courts, the courts may, in its discretion, appoint counsel when the interests of justice

---

[1] Franklin is also currently attempting to pursue additional habeas petitions concerning alleged due process violations in Petition, *Franklin v. Santistevan*, 21-cv-00303 RB/KK (D.N.M. Apr. 5, 2021), ECF No. 1 (prison discipline for "possession of escape paraphernalia"), and Petition, *Franklin v. Santistevan*, 21-cv-00304 WJ/GJF (D.N.M. Apr. 5, 2021), ECF No. 1 (prison discipline for "dealing in dangerous drugs"). Franklin is also presently pursuing a federal lawsuit asserting claims under 42 U.S.C. § 1983 and other authorities against corrections officers and various other parties. *See* Notice of Removal, *Franklin v. Anaya*, 19-cv-00899 KWR/SMV (D.N.M. Sept. 26, 2019), ECF No. 1. At present, the Court also counts three previous habeas actions by Franklin that have already been dismissed, one civil action which has been remanded to state court, and another civil action that Franklin has voluntarily dismissed. All ten of these actions have been initiated by Franklin within the past three years, with three such actions having been filed within the first four months of 2021.

> require. *See* [*Carper,*] 54 F.3d. at 617; 18 U.S.C. § 3006A(a)(2)(B). Franklin did not provide, nor is the Court aware of, any specific standard in deciding whether to supply copies of legal authority cited to a petitioner. Here, based on the Court's initial review of the record, Franklin appears to understand the issues in the case and to be representing himself in an intelligent and capable manner, even though he alleges that his current facility does not provide legal materials on abuse-of-the-writ doctrine nor access to online materials. More importantly, the Court can resolve Franklin's Petition on its merits without providing him access to every legal authority cited by Respondents. Therefore, the Court, in its discretion, does not find either option appropriate at this time.

*Franklin*, No. 18-cv-01156 JB/JHR, 2021 WL 1060773, at *2 (D.N.M. Mar. 22, 2021) (citations to record omitted).

Franklin's arguments in the instant motion, and the relevant factual circumstances, are essentially identical to those that Judge Ritter considered in the parallel habeas action. The Court sees no reason to reinvent the wheel here. For substantially the same reasons discussed by Judge Ritter in 18-cv-01156, the Court DENIES Franklin's Motion for Respondents to Provide All Cited Authority (Doc. 15).

## II. MOTION FOR A TIME EXTENSION TO FILE A RESPONSE TO ANSWER

In his second motion, Franklin asked that the Court not require him to file a response to Respondents' answer until the preceding motion was resolved. (Doc. 14). In a sense, the Court's simultaneous resolution of these motions moots Franklin's request. However, the Court observes that Franklin has not yet been granted permission to file a reply to Respondents' answer in the first place. (*See* Doc. 6 at 3) (case management order setting filing restrictions); (*cf.* Doc. 8) (directing answer, without mention of response thereto). That said, the Court liberally construes Franklin's motion as requesting permission to do so. Because the Court believes that the interests of justice would be better served by permitting Franklin to respond to Respondents' arguments prior to resolution of his petition, the Court will grant Franklin permission to file a reply to Respondents' answer.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1) Franklin's Motion for Respondents to Provide All Cited Authority (Doc. 15) is **DENIED**;

2) Franklin's Motion for a Time Extension to File a Response to Respondents['] Answer (Doc. 14) is **GRANTED**; and

3) Franklin may file his reply brief responding to Respondents' answer no later than **14 DAYS** from entry of this Order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**