IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

      Petitioner,

vs.                                                              Civ. No. 1:19-cv-00450 MIS/KRS

FNU HORTON, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

      Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Proposed Findings and Recommended Disposition ("PFRD") by United States Magistrate Judge Kevin R. Sweazea, filed October 27, 2021. (Doc. 22). The proposed findings notified the parties of their ability to file objections within fourteen (14) days, and that failure to do so waived appellate review. *See* (Doc. 22) at 14. On December 12, 2021, Petitioner filed a Motion to Appoint Counsel and Objections to the PFRD. (Docs. 24 and 25). On January 10, 2022, Respondents filed responses to the Motion to Appoint Counsel and Objections. (Docs. 28 and 29). On January 31, 2022, Petitioner filed a Motion to File a Reply in Support of Objections, to which Respondents responded on February 1, 2022. (Docs. 30 and 31). Having reviewed the PFRD and Petitioner's Objections, Motion to Appoint Counsel, and Motion to File a Reply, the Court will: (1) overrule Petitioner's Objections; (2) adopt the PFRD; (3) deny Petitioner's Motion to Appoint Counsel; (4) grant Petitioner's Motion to File a Reply; (5) deny Petitioner's Petition for Writ of Habeas Corpus; (6) deny a certificate of appealability; and (7) dismiss this case with prejudice.

I.     **Background**

Petitioner alleges that Respondents violated his due process rights during prison disciplinary proceedings for possessing tattoo paraphernalia. (Doc. 1). While Petitioner stated that his claims were brought under 28 U.S.C. § 2254, the Court must construe the Petition under 28 U.S.C. § 2241 because it attacks the execution of his sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle for … attacking the execution of a sentence … . A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence.") (citations omitted). Specifically, Petitioner claims: (1) there is no evidence to support his conviction for possession of tattooing material; (2) he was wrongly prevented from calling a witness during the disciplinary proceeding; (3) summary dismissal of his state habeas petition was improper while his motion to conduct discovery was pending; and (4) his conviction was based on insufficient evidence. (Doc. 1) at 5, 7–8, 10.

In the PFRD, the Magistrate Judge explained that prisoners possess a liberty interest in earned good time credits and are entitled to due process protections before being deprived of those credits. *See Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *Stine v. Fox*, 731 F. App'x 767, 769 (10th Cir. 2018) (unpublished). When a prison disciplinary hearing may result in the loss of earned credits, a prisoner must be accorded "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff*, 418 U.S. at 563–67. In addition, the prison's disciplinary findings resulting in revocation of good time

credits must be "supported by some evidence in the record" to comport with minimum procedural due process requirements. *Hill*, 472 U.S. at 454.

The Magistrate Judge found that the prison disciplinary proceedings complied with the due process requirements as set forth in *Wolff*, the hearing officer's decision to revoke Petitioner's good time credits was supported by evidence in the record, any error in denying Petitioner's right to call a witness was harmless, and the state court did not violate Petitioner's constitutional rights in denying his habeas petition. (Doc. 22) at 6–13. The Magistrate Judge, therefore, recommended denying the claims raised in the Petition and denying a certificate of appealability. *Id.* at 14.

## II.     Objections

Petitioner raises two objections to the PFRD: (1) that the Magistrate Judge erred in finding that the hearing officer did not violate Petitioner's due process rights by denying his motion to call Nick Gonzales as a witness; and (2) that the Magistrate Judge erred in finding there was sufficient evidence to support the disciplinary conviction. (Doc. 25) at 3–7. Objections to proposed findings and a recommended disposition "must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). In addition, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d

1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### A. Timeliness of Objections

Respondents first assert that Petitioner's Objections were not timely filed. Petitioner's objections to the PFRD were due by November 15, 2021. *See* Fed. R. Civ. P. 5(b)(2)(D) and (F); Fed. R. Civ. P. 6(a)(1)(C) and (D). Petitioner states that he placed the Objections in the institution mailbox on November 8, 2021. *See* (Doc. 25) at 8. The envelope in which the Objections were mailed is date stamped December 9, 2021, and they were received and filed by the Court on December 13, 2021. *See* (Doc. 24) at 4 (envelope containing Petitioner's Objections and Motion to Appoint Counsel). The "prison mailbox rule" provides that a pro se prisoner's legal mail is considered timely "if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). The date "by which mail is logged in … provide[s] a bright line rule for determining the date of a pro se prisoner's filing." *United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991) (citation omitted); *see also United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) ("[T]he date on which legal mail is presented to prison authorities … is the pertinent information with respect to the mailbox rule.").

Respondents assert that the delay between the date Petitioner states he placed his Objections in Lea County Correction Facility's mailbox (November 8, 2021) and the date they were mailed (December 9, 2021) and received by the Court (December 13, 2021) was an "atypically extended period of time." (Doc. 28) at 3. Respondents, therefore, requested copies of mail logs from the facility's mailroom supervisor, which showed that Petitioner did not deposit any mail addressed to the United States District Court in November 2021. *Id.*; (Doc. 28-

4

1) at 1–8.  Instead, the log from December 2021 shows that on December 9, 2021, Petitioner posted mail to the "10th Dist. Court/Albq., NM," which presumably contained his Objections. (Doc. 28) at 3–4; (Doc. 28-1) at 9–11.

In his Motion to File a Reply, Petitioner states that he "spoke with mailroom staff" who told him that the "log does not show the date they received the mail but the date it was mailed." (Doc. 30) at 4.  Petitioner also contends that the mailroom staff "are not going to admit to accidentally holding onto legal mail for weeks." *Id.*  The Tenth Circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).  Here, however, Petitioner made an adequate showing of compliance with the prison mailbox rule by averring that he timely presented his Objections to the institution and that he spoke with mailroom staff who stated that the log provides the date the Objections were mailed, not when they were received.  Therefore, the Court will consider Petitioner's Objections.  *See Morales-Fernandez*, 418 F.3d at 1119 (explaining there are exceptions to the firm waiver rule and that it is "non-jurisdictional").

### B. Failure to Call Witness

Petitioner's first objection is to the Magistrate Judge's finding that his due process rights were not violated by the hearing officer's failure to call Nick Gonzales as a witness in the disciplinary proceedings.  (Doc. 25) at 3–7.  Petitioner contends that Mr. Gonzales "would have corroborated the fact that upon arrival, everybody's property was thrown together, making it unlikely the contraband found was never [sic] in Franklin's property." *Id.* at 3.  Petitioner maintains that he does not think that the hearing officer spoke with Mr. Gonzales, and he

5

challenges what he calls a "blanket ban" on inmates calling other inmates as witnesses. *Id.* at 3–5.

The hearing officer stated in his decision that he interviewed Mr. Gonzales who "stated that the inventory process was placed into storage," that "he was on the same transport leaving from the same facility as" Mr. Franklin, and that he "[c]ould not clarify how inmate Bryce Franklin[']s property was hand[]led." (Doc. 31-1) at 93. Similarly, Mr. Gonzales' affidavit attached to Petitioner's state habeas petition states that, upon arrival at the facility, the inmates' property was placed "in a room full of property, some of it out of any bag," the property was not labeled or checked to see if it belonged to the correct inmate, and Mr. Gonzales "spoke with numerous inmates whose property has been misplaced, lost and/or mixed up." (Doc. 13-1) at 56.

The Tenth Circuit has held that "harmless error review applies to a habeas petition alleging a denial of the right to present witnesses at [a] prison disciplinary hearing." *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006). In applying harmless error review, "[a] prisoner cannot maintain a due process claim for failure to permit witness testimony unless he also shows that the testimony would have affected the outcome of his case." *Bird v. Pacheco*, 729 F. App'x 627, 631 (10th Cir. 2018) (unpublished) (citation omitted). Here, the hearing officer was aware of Petitioner's arguments that the items were not his and were improperly left off of his inventory sheet because Petitioner raised those issues at his hearing. *See* (Doc. 13-1) at 93–95 ("Disciplinary Summary of Evidence and Proceedings"). The hearing officer rejected these arguments, noting that the contraband was found by Sergeant Alaniz who was taking inventory of Petitioner's property and found the motor and ink in jars of peanut butter and coffee. *See* (Doc. 13-1) at 99. Petitioner fails to demonstrate that Mr. Gonzales' testimony would have affected these findings since Mr. Gonzales' proposed testimony does not specify how

Petitioner's property was handled. Therefore, the Court agrees with the Magistrate Judge that any error by prison officials in failing to call Mr. Gonzales as a witness was harmless.

Additionally, the warden explained in her decision on the appeal of the disciplinary decision that "Level VI inmates are not allowed to be present at other inmate's hearings." (Doc. 13-1) at 11. The right of a prisoner to call witnesses is subject to the "mutual accommodation between institutional needs and objectives and the provisions of the Constitution," and prison officials must consider a prisoner's request to call a particular witness on an individualized basis and "must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Ponte v. Real*, 471 U.S. 491, 495 (1985) (internal quotation marks omitted). The hearing officer here considered Petitioner's request to call Mr. Gonzales on an individualized basis and had the discretion to deny Mr. Gonzales as a witness. The Court, therefore, agrees with the Magistrate Judge that Petitioner's due process rights were not denied and will overrule this objection. *See Bird*, 729 F. App'x at 631 (explaining that the "denial of witnesses is not a per se violation of due process in the context of prison disciplinary proceedings").

### C. Sufficiency of the Evidence

Next, Petitioner objects to the Magistrate Judge's finding that there was sufficient evidence to support his disciplinary proceeding conviction. Specifically, Petitioner argues that the evidence was not sufficient because the inventory sheet did not include the confiscated items, and he contends that the Magistrate Judge used the wrong standard of proof, which should have been a preponderance of evidence. (Doc. 25) at 6–7.

First, Petitioner confuses the standard of proof applied by the fact finders in his case with the standard a federal court employs in determining whether findings by prison authorities satisfy

due process.  Thus, while Petitioner may be correct that the New Mexico Corrections Department policy requires a preponderance of the evidence for a disciplinary conviction, the standard this Court applies is whether the decision has "some basis in fact," or is based on "some evidence."  *Hill*, 472 U.S. at 456 ("The fundamental fairness guaranteed by the Due Process Claus does not require courts to set aside decisions of prison administrators that have some basis in fact."); *Plunk v. Givens*, 234 F.3d 1128, 1129–30 (10th Cir. 2000) (rejecting similar claim that the district court erred in applying the "some evidence" standard in determining whether disciplinary conviction complied with due process requirements).  Petitioner relies on *Mitchell v. Maynard*, but that case does not support his claim that a federal court is bound by the same evidentiary standard that binds prison officials.  To the contrary, *Mitchell* holds that due process requirements are satisfied "[i]f there is some evidence to support the disciplinary committee's decision to revoke good time credits … ."  *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (citing *Hill*, 472 U.S. at 454).  Accordingly, the Court finds that the Magistrate Judge did not err in applying the "some evidence" standard.

Second, the Court agrees with the Magistrate Judge that there was sufficient evidence in the record to support Petitioner's disciplinary conviction.  This evidence includes the factual recitation in the inmate misconduct report and the chain-of-custody form and photographs of jars of peanut butter and coffee that contained the contraband items.  *See* (Doc. 13-1) at 14, 99–104.  While Petitioner challenges the evidence because the inventory sheet did not document the confiscated items, the evidence before the prison authorities nevertheless satisfies the requirement that revocation of good time credits must be "supported by some evidence in the record."  *Hill*, 472 U.S. at 454–56 ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits . . . .

[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."); *see also Ruelas v. Zuercher*, 240 F. App'x 796, 797 (10th Cir. 2007) (unpublished) (concluding that due process requirements were satisfied in disciplinary proceeding because incident report alone constituted "some evidence" to support hearing officer's decision to revoke good time credit). The Court overrules this objection.

For the reasons stated above, the Court overrules Petitioner's Objections and adopts the Magistrate Judge's PFRD. The Court further finds that no evidentiary hearing is needed in this matter, so Petitioner's Motion to Appoint Counsel is denied. *See Anderson v. Attorney General of Kan.*, 425 F.3d 853, 859–60 (10th Cir. 2005) (explaining that the purpose of an evidentiary hearing is to resolve conflicting evidence, and that an evidentiary hearing is unnecessary when the record presents no evidence supporting the petitioner's claims); *Engberg v. Wyoming*, 265 F.3d 1109, 1112 (10th Cir. 2001) (holding that unless an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court"). The Court will grant Petitioner's Motion to File a Reply, (Doc. 30), since the Court considered Petitioner's arguments regarding mailing the Objections that were set forth in the reply. Finally, the Court will not issue a certificate of appealability because the Court finds that Petitioner has not set forth the requisite showing of a violation of a constitutional right as required under 28 U.S.C. § 2253(c)(2).

IT IS THEREFORE ORDERED that:

1. Petitioner's Objections, (Doc. 25), are OVERRULED;

2. the Magistrate Judge's Proposed Findings and Recommended Disposition, (Doc. 22), are ADOPTED;

3. Petitioner's Motion to Appoint Counsel, (Doc. 24), is DENIED;

4. Petitioner's Motion to File a Reply, (Doc. 30), is GRANTED;

5. Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), is DENIED;

6. a Certificate of Appealability is DENIED; and

7. this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

_____
MARGARET I. STRICKLAND
UNITED STATES DISTRICT JUDGE